Chief Justice Hobertsos
delivered the Opinion of the Court.
'On the 1st of May, 1819, William Farquar conveyed property to Edward Tyler, in trust for the indemnity of himself and several other sureties, for distinct and various liabilities. Among these liabilities, was a debt to the Bank of the United States, for which John T. Gray and McClanahan, Field & Co. were the sureties of Farquar. To enforce the deed, the Bank filed a bill in. chancery against all persons interested in the deed. And to reverse the final decree rendered in that case, for sale and distribution, this writ of error is prosecuted.
Although, as the Bank is not a party to the deed, wjther-as trap tee or cosine que trust, it might seem to have *28 been more proper for the sureties, who were beneficial parties, to have filed a bill in their own names: never-. tbeless, as the Bank has an equitable right to be substituted to the benefit of any collateral security given for indemnity °f ^10' sureties for the debt due to it from Farquar, (for which purpose and to which extent there jg an implied trust resulting in its favor from the deed of trust) we do not doubt that it might maintain the bill m, Its own name, and that, therefore, if the decree be prejudicial to its subrogated rights, if may, as it now does,, complain and ask a reversal*
irlid deed of trust edV'mdnh°Sclass ijf cestui que cr^decteTfora 'distribution -pari |>,assw is irregtt:
A" surety,, who. is indemnified by a deed of trust, buys articles of •the debtor, and thereupon assumes the debt: tho’there are mu, counts between ■ding1 'those1 artieies, it is uneeran'ce^is-^-the^efiijet is to cancel the surety's claim onaccount of the debt for which he was bound, fy throw him upon the per south responsibility of the debt- or, for the balance of the account; so that he can have no contribution out of the trust fund, to the prejudice of other cestui que trusts,
*28 The proceeds of the property being insufficient for bideiturifyiilg all' the sureties who* according to the decree, are entitled to indemnity, the court decreed a distributioil* pari passu, among sundry persons designated in the decree;, among whom are the. said sureties to the Bank, aiid also one Isaac Stewart and Warden Pope. And the plaintiff in error insist, that the Circuit Court erred in decreeing contribution pro rata to, Stewart and Pope. „
One of the debts for paying which 'contribution was 'decreed to Stewart and Pope, was a debt to one Herr, for which they became bound, as Farquar’s sureties after the date of the deed of tru'st. And, although the deed provides for their indemnity for liabilities for becoming sureties after the.-datc of its execution, it also postpones that indemnity to the prior rights of those who were bound as sureties when the deed was delivered—and therefore the decree in their favor for distribution, pari passu, is, erroneous.
The other allowance which is objected to, is for money paid by Pope alone as surety of Farquar, for a debt to one i)oup, fob which Pope as surety and Farquar as principal, were bound at the date of the deed of trust* The objection to this allowance is, that, by an agree-. ment between Farquar and Pope, that debt had, for a valuable 'consideration paid by b arquar, been assumed by Popé, who, thds having been paid by Farquar, is not entitled again to reimbursement. Farquar, in his depo«. read without exception, states that he “paid” Pope, in books and stationary, to pay this_debtj for which. *29 lie was originally bound as surety, and that Pope, in consideration of his indebtedness for those articles, agreed to pay and did pay the debt to Doup. This statement, heing, as it must be, admitted to be true—we cannot think that Pope, as between himself and the other persons interested under the deed of trust, has any equitable title to a distributive proportion of the trust fund, which is insufficient for the full indemnity of all of them, even if he be allowed no part of it, and which will, of course, be much less adequate if he be a co-distributee. The additional fact—admitted by Farquar—that his account for books &c. had never been liquidated, and that he owed Pope something for fee bills, oanpot affect the question as to Pope’s equitable right to pro rata contribution under the deed of trust; because Pope has not shown that, upon a proper settlement of all unliquidated accounts, the balance in favor of Farquar would not be equal to what was paid to Doup; and also, because no other inference can be rationally or justly drawn from Farquar’s testimony, than that he had “paid” Pope “in Books” &c. “to pay" Doup, and that Pope therefore had agreed to pay and had paid him; and consequently, even if Farquar owes Pope as muchas the price of the books and stationary, and even if he did so owe him when Pope agreed to pay Doup, that payment having been made by him, not because he was surety, but because he had agreed, for a stipulated consideration to make it, and. thereby settled so much of the account against him for books &c.~—he should now look to Farquar’s personal responsibility for any thing which Farquar may owe, if indeed he does owe him, and cannot, consistently with a plain principle of equity, draw it from those who are beneficially interested in the trust fund by setting off any account against the consideration for which he agreed to pay and seems to have paid the debt.
But moreover, as before suggested, there is no proof as to the true state of the account between Pope and Farquar, and the case must be decided, therefore, on Farquar’s testimony respecting the consideration for which Pope paid Doup.
It is therefore ordered by this court, that the decree *30 of the Circuit Court be reversed, and the cause remanc|ec] for such further proceedings and decree as may be just aQd proper consistently with the principles of the foregoing opinion, & o r