RAGAN, DICKEY & RAGAN, ET AL., *v.* W. G. HIGGINS, ET AL.

**Husband and Wife—Creditors.**

>    Where the wife's father gave her money with which to buy land and
> she kept the money until the day of the purchase, and then gave it to
> her husband to pay for the land, and he promised to have the deed
> made in her name, but instead took it in his own name, her right to
> the property is superior both in law and equity to the claims of those
> who have credited the husband.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

February 8, 1876.

OPINION:

The evidence conduces to show that the father of Mrs. Higgins
had been for a number of years endeavoring to purchase the sixty
acres of land in controversy for the benefit of his daughter, and
to attach it to his homestead. It formerly constituted a part of the
farm devised to his daughter, and his great desire that his daughter
should again own it negatives the idea that the title was to be vested
in the husband. It is shown by disinterested parties that the money
was given to Mrs. Higgins by her father for the purpose of pur-
chasing this land, and she swears that she retained the money in her
possession until the day the deed was made to her husband, when
she delivered it to him, and the payment was made. She also states
that the title was to be made to her and that the husband so prom-
ised; and the fact that it was not, she failed to discover until the
land was conveyed to him in 1871.

The statement by the wife is consistent with all the facts in the
case, and if she is to be defrauded out of the land it is because the
husband violated his promise made to her by having the conveyance
made to himself. The land was bought with her money. Her fa-
ther assisted in making the contract, and there is no doubt from all
the proof but that the wife was entitled to the deed. She obtained
this deed to the land before the creditors asserted their claim to it,
and her right to the property is superior both in law and equity to
the claims of those who have credited the husband.

The fact that the wife failed to assert this right in her answer to
the cross-petition of the appellants cannot be held to prejudice her
rights. She has made the defense to the original action filed by the
creditors; and the facts also conduce to show that no credit could
have been given the husband by reason of his being the owner of
this land, as the appellants seem not to have known that he was ever
invested with title, as their efforts to make their money by execu-

tions upon judgments at law proved a failure. The wife endeavored to reconcile the creditors by consenting to a mortgage by the husband upon the annual crops raised on the place, and their failure to realize from this is to be attributed to the husband, and not the wife. In all her conduct in regard to the transactions connected with the land, there has been no concealment of her intentions, or any evidence of a desire to deprive the creditors of the husband from collecting their claims out of property to which he was entitled.

As to the claim of the former wards of Higgins, they were entitled to be substituted to the rights of the surety in the guardian's bond. The principle is well settled that the creditor has the right to be substituted to the benefit of any collateral security which the debtor has given the surety to secure the debt; nor is it material whether the surety has paid it or not, or will sustain loss; the creditor may subject it.

*Bank of U. S. v. Stewart, et al.,* 4 Dana 27. The judgment below is *affirmed.*

*Sam. F. McKee, Petree & Little, for appellants.*

*E. P. Campbell, McPhearson & Chaplin, for appellees.*